**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**RODNEY J. WALKER,**

      **Plaintiff,**

                                       **Case No. 02-72496**

**v.**

                                       **HONORABLE DENISE PAGE HOOD**

**CHARLES M. SCHAMANSKI,**

      **Defendant.**

_____/

**MEMORANDUM OPINION & ORDER DENYING
DEFENDANT'S MOTION FOR RELIEF FROM ORDER**

**I.   INTRODUCTION**

This matter is before the Court on Defendant's Motion for Relief from Order, filed October 26, 2004.[1] Plaintiff filed a Response to Defendant's Motion for Relief from Order Under FRCP 60(b)(1) on December 3, 2004.[2]

On September 30, 2004, this Court issued a Memorandum Opinion & Order Re: Cross Motions for Summary Judgment. That Order granted Plaintiff's Motion for Summary Judgment and denied Defendant's Motion for Summary Judgment. Defendant now claims that, due to an alleged mistake of fact made in the September 30, 2004 Opinion & Order, he is entitled to relief from said

---

[1] Defendant is not filing a Motion for Reconsideration, as he is alleging a mistake of fact made by this Court in its previous Order.

[2] Plaintiff's Response was filed 21 days after Defendant filed his Motion, even after allowing 3 days for mailing. A Motion for Relief is not listed as a dispositive motion pursuant to Local Rule 7.1(d)(1)(A), therefore any Response must have been submitted by Plaintiff within the 14 day period provided by L.R. 7.1(d)(2)(B). Plaintiff's Response is therefore untimely.
     Should Defendant's Motion be characterized as a Motion for Reconsideration, no Response would be allowed by Plaintiff, unless the Court orders otherwise. L.R. 7.1(g)(2).

Order. Defendant asserts that this Court failed to acknowledge the Affidavit of Lawrence S. Katkowsky regarding mailing of the December 4, 2001 letter.

Because this Court has already considered Mr. Katkowsky's affidavit, and found it to be insufficient evidence for the inference that the letter was actually mailed with sufficient postage to allow it to reach Plaintiff, the Court denies Defendant's Motion for Relief from Order.

## II. STATEMENT OF FACTS

Plaintiff brought this action pursuant to 46 U.S.C. § 183, seeking exoneration from, or limitation of liability arising out of a drowning incident. Plaintiff filed a Motion for Summary Judgment alleging that Plaintiff was not in "privity or knowledge" with his son, the operator of the vessel at the time of the incident. In response, Defendant filed his own Motion for Summary Judgment, asserting that Plaintiff's suit was untimely, and that Plaintiff was negligent in the incident and could be deemed in privity or knowledge with his son as a result.

To support his contention that Plaintiff's suit was untimely filed, Defendant submitted a copy of a letter allegedly sent to Plaintiff on December 4, 2001. Defendant also submitted the Affidavit of Lawrence S. Katkowsky, which states in its entirety as follows, "Lawrence S. Katkowsky, being first duly sworn, deposed and states that on December 4, 2001, he did cause to mail, by United States mail, the letter which is attached hereto as exhibit 1 to Plaintiff at his address set forth thereon, and that he never received the letter back nor received a reply to same. Further deponent sayeth not."

With respect to the alleged untimeliness of Plaintiff's suit, this Court found that while Defendant's December 4, 2001 letter satisfied the statutory requirement of a written notice, there was insufficient evidence as to Defendant's customary mailing practices, that the letter had sufficient

postage, and that the letter was actually mailed.  (Mem. Op. & Order of Sept. 30, 2001, at 10-11.)

Defendant now brings the present Motion pursuant to Fed. R. Civ. P. 60, alleging this Court mistakenly ignored the Affidavit of Lawrence S. Katkowsky.

### III.   STANDARD OF REVIEW

Fed. R. Civ. P. 60(b) allows parties to file a motion for relief from a final judgment, order or proceeding.  In pertinent part, Rule 60(b)(1) states that "[o]n motion and upon such terms as are just, thecourt may relieve a party's legal representative from a[n] . . . order . . . for the following reasons: mistake, inadvertence, surprise, or excusable neglect."  "By providing that a District Court 'may' relieve a party from a final judgment or order, Rule 60(b) allows for some discretion in determining whether to grant such relief."  *McCurry v. Adventist Health System/Sunbelt, Inc.*, 298 F.3d 586 (6th Cir. 2002).

### IV.   LAW & ANALYSIS

This Court made no express mention to the Affidavit of Lawrence S. Katkowsky in its September 30, 2004 Opinion.  Rather, this Court wrote:

> Defendant Schamanski's submission of a copy of the letter is insufficient because there is no affidavit presented in the record by defense counsel or anyone from defense counsel's office as to such a mailing, nor is there any testimony or affidavit regarding the customary mailing practices in defense counsel's office that would permit an inference that the letter had sufficient postage and was mailed...[t]here is insufficient evidence to show that the letter was mailed, which would have created the presumption that Plaintiff Walker received the notice.

(Mem. Op. & Order at 10-11.)  While there is in fact an affidavit regarding the mailing, standing alone, the Court finds it is still insufficient evidence to warrant the presumption of Plaintiff actually receiving notice.  *See Wells Fargo Bus. Credit v. Ben Kozloff, Inc.*, 695 F.2d 940, 944 (5th Cir. 1983).

## V. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion for Relief from Order.

Accordingly,

IT IS ORDERED that Defendant's Motion for Relief from Order **[Docket No. 21, filed October 26, 2004]** is DENIED.

    /s/ Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED: May 26, 2005